CIPRIANO MANRIQUE-GIL, Plaintiff and Appellee, *v.* CARLOS Aguayo-Martí, Successor of Aguayo Brothers & Co., Ltd., and Augusto and Constant Goffinet, Defendants and Appellants.

Nos. 3749 and 3863. Argued March 18, 1926.—Decided April 29, 1926.

*Leopoldo Feliú* and *Henry G. Molina* for the appellants. *González Fagundo & González, Jr.,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Cipriano Manrique Gil brought an action setting up preference of credit against the defendants Carlos Aguayo Martí, successor of the partnership of Aguayo Brothers & Co., Ltd., and Augusto and Constant Goffinet, for preferred payment of the sum of $7,262.60; and to secure the effectiveness of the judgment the court, on plaintiff's motion, entered an order on July 29, 1925, directing the attachment of property of defendants Goffinet in an amount sufficient to cover the sum claimed and costs, and enjoining the said defendants Goffinet from executing the judgment that obliged Manrique to return to them the sum of $788.49 to be delivered to Aguayo Brothers & Co., Ltd., (34 P.R.R. 483) pending disposal of the new action.

Defendant Carlos Aguayo Martí, as such successor of

Aguayo Brothers & Co., Ltd., moved to set aside that part of the order of attachment which stayed the execution of the judgment, alleging that the court below acted therein without jurisdiction.

The court overruled the motion because "the order to secure the effectiveness of the judgment does not affect the said defendant, inasmuch as the attachment of his property was not ordered, and although the sum of $788.49 is to be paid to him as successor of Aguayo Brothers & Co., Ltd., the judgment orders that sum returned to Augusto and Constant Goffinet who were the plaintiffs in action No. 8959, and are prohibited, under bond, from collecting the same from Cipriano Manrique."

However, if we consider that in the prior suit (34 P.R.R. 483) the amount of the judgment was to be ultimately delivered to Aguayó Brothers & Co., Ltd., and that Aguayo Martí was for that reason included as a defendant in the second action as the sole successor in interest of the partnership, it is evident that he had the right to intervene as a party really interested whom the order of attachment could and did affect.

The appellant contends also that in holding that the attachment did not affect Aguayo the court evaded the question relative to its lack of jurisdiction in that particular to enter the order of attachment.

The Act to secure the effectiveness of judgments of March 1, 1902, provides in its section 2 the rules to be followed in securing the effectiveness of the judgment. The petition praying for the attachment is based on subdivisions (*b*) and (*h*) of that section. The first provides that "if the obligation be the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed," and the second that "with respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with

equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment.''

The complaint on the preference of credit sets up an action to recover money and the attachment was levied on property of defendants Augusto and Constant Goffinet sufficient to cover the sum claimed and the costs. However, we see nothing that was not foreseen by provision (b) if the ultimate obligation is to pay a sum of money. In order that the provision of subdivision (h) may be available there must appear the circumstances that may serve as a basis to the court for exercising its discretion and adopting the proper measures to secure the effectiveness of the judgment. The petition to secure the effectiveness of the judgment does not allege the circumstances that prevent the plaintiff from levying the attachment on the $788.49 at the time of executing the judgment ordering the plaintiff to return said amount to the defendants Augusto and Constant Goffinet, or that it is a case not provided for by the law. The proceeds of the execution would be subject to the result of the new action and as the appellee had this remedy at hand we do not see that his complaint in that particular would be purely academic if the prohibition imposed on the defendants to refrain from collecting the amount of the judgment should be left without effect. The effect would be rather to deprive defendant Aguayo of the right that every defendant has to give bond, if he so desires, as provided by section 15 of the Act to secure the effectiveness of judgments, as follows:

''Sec. 15.—The payment or deposit by the defendant of the sums claimed from him, or a bond given by him to cover the claim, shall suspend the attachment ordered to secure said claim, or shall annul an attachment already in force.''

The appellee refers also to the case of *Goffinet* v. *Polanco*, 30 P.R.R. 768, but that case was different because all the circumstances therein concurring were stated and it was held upon a consideration of them that the injunction prayed for

to stay the execution of the judgment was not the proper remedy in that particular case, as there was an adequate remedy under the Act to secure the effectiveness of judgments of March 1, 1902.

Independently of Carlos Aguayo's petition defendants Augusto and Constant Goffinet also moved to set aside the order of attachment in the same particular discussed. Their motion was denied and they appealed.

However, in view of the conclusions which we have reached it is unnecessary to consider the merits of this other appeal, since the same fundamental question is involved.

For the foregoing reasons the orders of the District Court of Humacao of August 20, 1925, and February 10, 1926, must be reversed, and the second part of the order of attachment entered by the said court on July 29, 1925, restraining defendants Augusto and Constant Goffinet from executing the judgment rendered in the case of *Goffinet* v. *Manrique*, 34 P.R.R. 483, annulled.